Cite as: 562 U. S. ____ (2011)    1

# SUPREME COURT OF THE UNITED STATES

ROBERT HUBER ET UX. *v.* NEW JERSEY DEPART-
MENT OF ENVIRONMENTAL PROTECTION

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPERIOR
COURT OF NEW JERSEY, APPELLATE DIVISION

No. 10–388.   Decided March 21, 2011

The petition for a writ of certiorari is denied.

Statement of JUSTICE ALITO, with whom THE CHIEF
JUSTICE, JUSTICE SCALIA, and JUSTICE THOMAS join,
respecting the denial of certiorari.

Our cases recognize a limited exception to the Fourth
Amendment's warrant requirement for searches of busi-
nesses in "closely regulated industries."  See, *e.g.*, *New
York* v. *Burger*, 482 U. S. 691, 699–703 (1987) (internal
quotation marks omitted).  The thinking is that, other
things being equal, the "expectation of privacy in commer-
cial premises" is significantly less than the "expectation in
an individual's home."  *Id.*, at 700.  And where a business
operates in an industry with a "long tradition of close
government supervision"—liquor dealers and pawnbrokers
are classic examples—the expectation of privacy becomes
"particularly attenuated."  *Ibid.* (internal quotation marks
omitted).

In this case, a New Jersey appellate court applied this
doctrine to uphold a warrantless search by a state envi-
ronmental official of Robert and Michelle Huber's back-
yard.  No. A–5874–07T3, 2010 WL 173533, *9–*10 (Super.
Ct. N. J., App. Div., Jan. 20, 2010) *(per curiam)*.  The
Hubers' residential property contains wetlands protected
by a New Jersey environmental statute.  See N. J. Stat.
Ann. §13:9B–1 *et seq.* (West 2003 and Supp. 2010).  Ac-
cording to the court below, the presence of these wetlands
brought the Hubers' yard "directly under the regulatory
arm" of the State "just as much" as if the yard had been

involved in a "regulated industry."  2010 WL 173533, \*10.

This Court has not suggested that a State, by imposing heavy regulations on the use of privately owned residential property, may escape the Fourth Amendment's warrant requirement.  But because this case comes to us on review of a decision by a state intermediate appellate court, I agree that today's denial of certiorari is appropriate.  See this Court's Rule 10.  It does bear mentioning, however, that "denial of certiorari does not constitute an expression of any opinion on the merits."  *Boumediene* v. *Bush*, 549 U. S. 1328, 1329 (2007) (Stevens and KENNEDY, JJ., statement respecting denial of certiorari).